**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| ALYSSA S. PETERSON, | ) | Case No. 10-23429 |
|     Debtor | ) | |
| _____ | | |
| | ) | |
| ALYSSA S. PETERSON, | ) | |
|     Debtor Plaintiff, | ) | |
|         v. | ) | |
| | ) | Adv. Proc. 14-02052 |
| COMMISSION ON HUMAN RIGHTS | ) | |
| AND OPPORTUNITIES, ANN | ) | |
| BEAULIEU, AND JOHN BEAULIEU, | ) | JANUARY 5, 2015 |
|     Defendants. | ) | |
| _____ | ) | |

## DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), Defendants Ann and John Beaulieu

respectfully move the Court to dismiss with prejudice the Complaint filed by Debtor Plaintiff

Alyssa Peterson (ECF No. 1). Defendant Commission on Human Rights and Opportunities

("CHRO") has indicated that it consents to the relief requested in this motion. In support of their

motion, Defendants state the following:

### INTRODUCTION

1.     Through this adversary proceeding, Ms. Peterson asks this Court to overturn the

Connecticut Superior Court's final judgment that Ms. Peterson violated Connecticut's fair-

housing and anti-discrimination laws. Because "lower federal courts lack subject-matter

jurisdiction over claims that effectively challenge state-court judgments," Ms. Peterson's entire

Complaint should be dismissed for lack of subject matter jurisdiction. *In re Wilson*, 410 F.

App'x 409, 410 (2d Cir. 2011) (citing *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 486-87

(1983)). The Superior Court gave Ms. Peterson ample opportunity to challenge the judgment

entered against her, even granting her a full-day evidentiary hearing on a motion to open the judgment for fraud. Ms. Peterson's efforts in the Superior Court were unsuccessful, and this Court is not the forum for Ms. Peterson to get another bite at the apple.

2.      Even if this Court had subject matter jurisdiction over Ms. Peterson's Complaint, the Complaint should still be dismissed because its allegations fail to state any cognizable claim for relief. Although Ms. Peterson seeks declarations that documents filed in the Superior Court case are "not valid," she identifies no factual or legal authority, and Defendants are aware of none, that would permit this Court to render such an ambiguous declaration. Ms. Peterson's disagreement with the contents of those documents is not a reason for this Court to strike them from the Superior Court record.

3.      Ms. Peterson also challenges this Court's February 22, 2013 Order confirming that the automatic bankruptcy stay did not apply to the Superior Court case, but Ms. Peterson *expressly consented* to that Order, on the record, when she was represented by counsel in her Chapter 13 proceeding. Further, she alleges no facts that would justify reconsideration of the Order 23 months after it was entered.

## FACTUAL BACKGROUND

4.      CHRO filed the Superior Court case in 2010, alleging that Ms. Peterson had violated Connecticut's fair-housing laws by discriminating against the Beaulieus (her former tenants) based on their receipt of Section 8 housing assistance from the federal government. *See Comm'n on Human Rights & Opportunities v. Peterson*, No. LLICV106002882S, 2013 WL 5663282, at *1 (Conn. Super. Ct. Sept. 23, 2013). (*See also* Ex. A (Superior Court docket)[1].) The Beaulieus subsequently intervened as plaintiffs. *Id.* Ms. Peterson did not answer CHRO's Complaint, which led the Superior Court to enter a default for failure to plead. *Id.* at *1-2. The

---

[1] All exhibits are attached to this motion.

Superior Court denied Ms. Peterson's motion to open that default and then denied her motion for reconsideration of that denial. *Id.*

5.        In late 2012, after the Beaulieus learned of the existence of Ms. Peterson's Chapter 13 proceeding, they moved this Court (in the Chapter 13 proceeding) for confirmation that the automatic bankruptcy stay did not apply to the Superior Court case. (Case No. 10-23429, ECF No. 206.)  Ms. Peterson, represented by counsel, did not oppose the Beaulieus' motion and in fact expressly consented to the relief sought in the motion at a February 14, 2013 hearing. (Ex. B (citing relevant portions of hearing transcript).)  The Court granted the motion and issued an Order on February 22, 2013 confirming that the automatic stay "does not apply to the civil action entitled Commission on Human Rights and Opportunities ex rel. Ann and John Beaulieu v. Alyssa Peterson."  (Case No. 10-23429, ECF No. 225, at 1.)

6.        Meanwhile, the Superior Court case proceeded to a trial on May 23, 2013, where the Beaulieus presented unrebutted testimony of the damages they sustained from Ms. Peterson's discrimination. *Comm'n on Human Rights & Opportunities*, 2013 WL 5663282, at *2.  Ms. Peterson did not attend the trial despite being ordered to do so, and the Superior Court entered a $25,000 judgment against her, including $5,000 in punitive damages. *Id.* at *2, *5.

7.        Ms. Peterson proceeded to file multiple motions to set aside the judgment, some characterized as motions to open the judgment and others as motions to "stay" the judgment. *Id.* at *2 (noting Ms. Peterson's "Motion To Stay Proceedings").  The Superior Court granted Ms. Peterson an evidentiary hearing on her claim that the $25,000 judgment had been procured by fraudulent misrepresentations (Ex. C) – the exact claim Ms. Peterson makes in this adversary proceeding – but after hearing a full day of testimony from five witnesses (which generated 229 transcript pages), the Superior Court rejected all of Ms. Peterson's claims:  "The defendant [Ms.

Peterson] argued that her evidence shows that the judgment was obtained by fraud in several ways.  None of these claims of fraud were proved."  (Ex. D.)  A week later, Ms. Peterson filed this adversary proceeding.

8.      Ms. Peterson's Complaint seeks to erase everything that happened in the Superior Court case, and it seeks to overturn this Court's February 22, 2013 Order confirming that the automatic stay does not apply to the Superior Court case.

## ARGUMENT

I.      LEGAL STANDARD FOR MOTION TO DISMISS

A.      Motion To Dismiss for Lack of Subject Matter Jurisdiction

9.      Federal Rule of Civil Procedure 12(b)(1), made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7012(b), requires dismissal where the Court lacks subject matter jurisdiction.  "A plaintiff must prove the existence of subject matter jurisdiction by a preponderance of the evidence," and "[w]hen subject matter jurisdiction is challenged, [courts] are free to consider materials extrinsic to the complaint."  *Moser v. Pollin*, 294 F.3d 335, 339 (2d Cir. 2002).

B.      Motion To Dismiss for Failure To State A Claim

10.      Federal Rule of Civil Procedure 12(b)(6), made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7012(b), requires dismissal where the complaint fails to state a claim upon which relief can be granted.  "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A "sheer possibility that a defendant has acted unlawfully" is not enough.  *Id.*

II.     THE COURT LACKS SUBJECT MATTER JURISDICTION UNDER THE *ROOKER-FELDMAN* DOCTRINE BECAUSE MS. PETERSON SEEKS TO SET ASIDE A <u>STATE COURT JUDGMENT AGAINST HER</u>

11.     Each of Ms. Peterson's five causes of action should be dismissed because they are an improper attempt to have this Court set aside the Superior Court's judgment of liability and damages against Ms. Peterson.  "The Bankruptcy Code was not intended to give litigants a second chance to challenge a state court judgment nor did it intend for the Bankruptcy Court to serve as an appellate court [for state court proceedings]."  *In re Besing*, 981 F.2d 1488, 1496 (5th Cir. 1993) (quoting *In re G & R Mfg. Co.*, 91 B.R. 991, 994 (Bankr. M.D. Fla. 1988)).  The Supreme Court's "*Rooker-Feldman*" doctrine embodies this principle by requiring dismissal of claims that "effectively challenge state-court judgments," *In re Wilson*, 410 F. App'x at 410[2], and it covers "both matters directly decided in the state court and matters 'inextricably intertwined' with the determinations of the state court."  *Castelle v. New York*, 39 F. App'x 665, 667 (2d Cir. 2002).  As the United States Bankruptcy Court for the Eastern District of New York held, federal court adversary proceedings seeking to set aside state court judgments are "the paradigm of the type of case which must be dismissed under *Rooker-Feldman*" – "even when there are allegations that the state court proceedings were tainted by fraud."  *In re Handler*, 324 B.R. 194, 198-99 (Bankr. E.D.N.Y. 2005).

12.     The Second Circuit recently held that four requirements must be met for the *Rooker-Feldman* doctrine to apply:  (1) the federal court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by the state court judgment; (3) the plaintiff must invite federal court review and rejection of the state court judgment; and (4) the state court

---

[2] In *In re Wilson*, the Second Circuit affirmed this Court's dismissal of a *pro se* adversary complaint based on the *Rooker-Feldman* doctrine.  *See generally In re Wilson*, Bankr. No. 08-22367 (ASD), Adversary No. 08-2070, 2009 WL 961916, at *1-2 (Bankr. D. Conn. Apr. 7, 2009).

judgment must have been rendered before the commencement of the federal court proceedings challenging that judgment. *See In re Wilson*, 410 F. App'x at 410-11. Each of these requirements is easily met here.

13.    The first *Rooker-Feldman* requirement is met because Ms. Peterson lost in state court: she was found liable in the amount of $25,000, and her challenge to the judgment on the grounds of fraud was rejected. The second *Rooker-Feldman* requirement is met because Ms. Peterson alleges injuries caused by the Superior Court's adverse judgment. (*See, e.g.*, ECF No. 1, ¶¶ 45, 47, 49, 51, 53 (alleging that enforcement of the Superior Court judgment will interfere with "legitimate proof of claims" and that Ms. Peterson's bankruptcy estate must be "protected" from the judgment); "WHEREFORE" clause (same); "PROPOSED ORDER VACATING A DEFAULT" (same).) The third *Rooker-Feldman* requirement is met because Ms. Peterson has asked this Court to review and reject the Superior Court's judgment: indeed, the title of Ms. Peterson's Complaint confirms that her main purpose is to set aside the Superior Court's judgment however possible: "ACTION FOR INJUNCTIVE RELIEF AND DECLARATORY ACTION TO REINSTATE AUTOMATIC BANKRUPTCY STAY (ECF DOC. 225) AND TO VACATE A DEFAULT AND/OR **VOID A STATE ACTION AB INITIO**." (*Id.* at 1 (emphasis added). *See also id.* ¶¶ 46-62.) The fourth *Rooker-Feldman* requirement is met because the Superior Court's judgment was rendered before Ms. Peterson instituted this adversary proceeding. Whether Ms. Peterson complains about the default judgment entered against her, the $25,000 damages judgment entered against her, or the Order denying her motion to open the judgment for fraud, all occurred before November 7, 2014, when Ms. Peterson filed this adversary proceeding. This Court, then, lacks subject matter jurisdiction and the Complaint should be dismissed.

III.    EVEN IF THE COURT HAD SUBJECT MATTER JURISDICTION,
THE COMPLAINT STILL FAILS TO STATE A CLAIM

14.    Even if the Court had subject matter jurisdiction over this adversary proceeding, which it does not, Ms. Peterson's allegations still fail to state a claim for relief and should thus be dismissed under Fed. R. Civ. P. 12(b)(6).  Ms. Peterson's first and second causes of action claim that all actions taken in the Superior Court case are void because they violated the automatic stay (ECF No. 1, ¶¶ 46-53), but there are no facts alleged in the Complaint that could plausibly – or even possibly – suggest that the Court was wrong to hold 23 months ago that the automatic stay did not apply.  In February 2013, the Court agreed with the Beaulieus that the automatic stay did not apply because the Superior Court case was, under 11 U.S.C. § 362(b)(4), "an action or proceeding by a governmental unit…to enforce such governmental unit's or organization's police and regulatory power."  (Case No. 10-23429, ECF No. 225 at 1 ("Movants may pursue the Connecticut Action in accordance with 11 U.S.C. § 362(b)(4)").)  *Even Ms. Peterson agreed with the Beaulieus*:  she did not object to the relief sought by the Beaulieus when they presented it in their Proposed Order, when the Court held a hearing on the motion, or when the Court entered its Order agreeing with the Beaulieus.  Ms. Peterson could have moved for reconsideration of the Court's Order within "a reasonable time," Fed. R. Civ. P. 60(c)(1), but she did not.  Even if she could use this adversary proceeding to effectively file an untimely motion for reconsideration (a motion she should have filed in the Chapter 13 case), the effort lacks any merit.  Nothing that Ms. Peterson alleges, even when accepted as true, alters the fact that the Superior Court case was "an action or proceeding by a governmental unit…to enforce such governmental unit's or organization's police and regulatory power."  Ms. Peterson's first and second causes of action should therefore be dismissed.

15.     In her remaining causes of action, Ms. Peterson asks this Court to declare that certain documents from the Superior Court case – the Complaint filed by CHRO, the final investigative report prepared by CHRO as part of its pre-suit investigation into Ms. Peterson's discriminatory conduct, and the Superior Court's default judgment against Ms. Peterson – are "not valid." (ECF No. 1, ¶¶ 54-62.)  Ms. Peterson made these same allegations in the Superior Court case multiple times, and the Superior Court rejected them.  But even if the allegations were new, they would still fail to state a claim because they reveal only that Ms. Peterson disagrees with what is written in those documents.  Her disagreement does not render the documents "not valid":  a Complaint is not "invalid" because a defendant disagrees with its contents.  The proper vehicle for challenging a Complaint is an Answer, or a motion to dismiss (like this one).  Ms. Peterson never answered CHRO's Complaint and her serial attacks on the Complaint over four years of litigation in Superior Court were rejected.  Defendants know of no authority permitting this Court to declare "invalid" statements made and actions taken in the Superior Court – even actions taken in a state agency investigation – simply on the basis of Ms. Peterson's disagreement with those statements and actions.

### CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court enter an Order dismissing the Complaint in its entirety, with prejudice, and granting such other and further relief as the Court deems just and proper.[3]

---

[3] Defendants do not concede that Ms. Peterson properly served her Complaint, and Defendant CHRO notes specifically that it has not been served.

*/s/ Jonathan A. Harris*
Jonathan A. Harris
Axinn, Veltrop & Harkrider LLP
90 State House Square
Hartford, CT 06103
Tel. 860-275-8115
Fax 860-275-8101
jharris@axinn.com
Federal Bar No. ct27686

Aaron J. Feigenbaum
Axinn, Veltrop & Harkrider LLP
114 West 47th Street
New York, NY 10036
Tel. 212-728-2224
Fax 212-728-2201
afeigenbaum@axinn.com
Admitted *pro hac vice*

*Attorneys for Defendants,*
*Ann and John Beaulieu*

9

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

IN RE:                                        )        Chapter 13
ALYSSA S. PETERSON,                          )        Case No. 10-23429
    Debtor                               )
_____
                                         )
ALYSSA S. PETERSON,                          )
    Ms. Peterson,              )
        v.                  )
                                         )        Adv. Proc. 14-02052
COMMISSION ON HUMAN RIGHTS            )
AND OPPORTUNITIES, ANN                )
BEAULIEU, AND JOHN BEAULIEU,          )
    Defendants.                  )
_____)

**PROPOSED ORDER GRANTING**
**DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

      **WHEREAS**, Defendants in Adversary Proceeding 14-02052 having filed a "Motion To

Dismiss the Complaint"; and **WHEREAS**, this Court having found there exists cause in granting

the Motion, it is hereby **ORDERED** that the Motion is **GRANTED,** and that the Complaint is

dismissed in its entirety, with prejudice.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| ALYSSA S. PETERSON, | ) | Case No. 10-23429 |
|     Debtor | ) | |
| _____ | | |
| | ) | |
| ALYSSA S. PETERSON, | ) | |
|     Ms. Peterson,    ) | | |
|        v. | ) | |
| | ) | Adv. Proc. 14-02052 |
| COMMISSION ON HUMAN RIGHTS | ) | |
| AND OPPORTUNITIES, ANN | ) | |
| BEAULIEU, AND JOHN BEAULIEU, | ) | JANUARY 5, 2015 |
|     Defendants. | ) | |
| _____ | ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 5, 2015, I served a copy of the

foregoing, by postage prepaid first class mail, to the following:

Alyssa S. Peterson
297 Grandview Terrace
Hartford, CT 06114
*Debtor Plaintiff*

Cheryl Sharp
Commission on Human Rights & Opportunities
25 Sigourney Street
Hartford, CT 06106

Anthony S. Novak
Novak Law Office, P.C.
280 Adams Street
Manchester, CT 06042-1975
*Counsel for Debtor in Case No. 10-23429*

Molly T. Whiton
10 Columbus Boulevard
Hartford, CT 06106
*Trustee in Case No. 10-23429*

Office of the U.S. Trustee
Giaimo Federal Building
150 Court Street, Room 302
New Haven, CT 06510
*United States Trustee in Case No. 10-23429*


Dated:  January 5, 2015                                    By:      */s/ Jonathan A. Harris*

                                                                  Jonathan A. Harris
                                                                  Axinn, Veltrop & Harkrider LLP
                                                                  90 State House Square
                                                                  Hartford, CT 06103
                                                                  Tel. 860-275-8115
                                                                  Fax 860-275-8101
                                                                  jharris@axinn.com
                                                                  Federal Bar No. ct27686