GRANTED for the reasons stated in the Motion with specific reference to the Rooker-Feldman doctrine as, through the Complaint, the Plaintiff, a "state-court loser complaining of injuries cause by [a] state-court judgment" invites this Court to review and reject that state-court judgment, see *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005); *Vossberg v. Accredited Home Lenders, Inc., et al.*, 2014 U.S. App. LEXIS 23024 (2nd Cir. 12-8-2014), in accordance with which: IT IS HEREBY ORDERED that Adversary Proceeding No. 14-02052 is DISMISSED.

/s/ Albert S. Dabrowski (per hearing held 1/22/2015)

ALBERT S. DABROWSKI
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| ALYSSA S. PETERSON, | ) | Case No. 10-23429 |
| Debtor | ) | |
| | ) | |
| ALYSSA S. PETERSON, | ) | |
| Debtor Plaintiff, | ) | |
| v. | ) | |
| | ) | Adv. Proc. 14-02052 |
| COMMISSION ON HUMAN RIGHTS | ) | |
| AND OPPORTUNITIES, ANN | ) | |
| BEAULIEU, AND JOHN BEAULIEU, | ) | JANUARY 5, 2015 |
| Defendants. | ) | |

## DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), Defendants Ann and John Beaulieu respectfully move the Court to dismiss with prejudice the Complaint filed by Debtor Plaintiff Alyssa Peterson (ECF No. 1). Defendant Commission on Human Rights and Opportunities ("CHRO") has indicated that it consents to the relief requested in this motion. In support of their motion, Defendants state the following:

### INTRODUCTION

1. Through this adversary proceeding, Ms. Peterson asks this Court to overturn the Connecticut Superior Court's final judgment that Ms. Peterson violated Connecticut's fair-housing and anti-discrimination laws. Because "lower federal courts lack subject-matter jurisdiction over claims that effectively challenge state-court judgments," Ms. Peterson's entire Complaint should be dismissed for lack of subject matter jurisdiction. *In re Wilson*, 410 F. App'x 409, 410 (2d Cir. 2011) (citing *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983)). The Superior Court gave Ms. Peterson ample opportunity to challenge the judgment